## Case No. 14,778.

### UNITED STATES v. CHAMBERLAIN.

[12 Blatchf. 390.] [1]

Circuit Court, S. D. New York. Dec. 22, 1874.

CRIMINAL LAW—EVIDENCE—HANDWRITING—OTHER WRITINGS—COMPARISONS—EXPERT TESTIMONY.

1. On the trial of an indictment for depositing scurrilous postal cards in the mail, the cards put in evidence displayed characteristic instances of misspelling, and it was *held* to be competent to prove other writings of the defendant's, containing identical errors in spelling, for the purpose of connecting the defendant with the cards which formed the subject of the charge.

2. It was, also, *held* to be incompetent to test the knowledge of an expert in handwriting, by placing before him irrelevant papers, for the mere purpose of contradicting his testimony as to the handwriting thereof.

[Cited in Springer v. Hall, 83 Mo. 698.]

3. It was, also, *held*, to be competent for the jury to compare the handwriting of documents properly in evidence, and proved to have been written by the defendant, with the handwriting of the cards in dispute, for the purpose of ascertaining the origin of the cards.

4. It was, also, *held*, that, standard specimens of the defendant's handwriting being in evidence, an expert might point out to the jury features in the writing of such specimens, identical with those displayed by the cards in question.

This was an indictment [against Moses Chamberlain] tried before BENEDICT, District Judge, for depositing scurrilous postal cards in the mail.

The cards put in evidence displayed characteristic instances of misspelling, and it was held to be competent to prove other writings of the defendant's, containing identical errors in spelling, for the purpose of connecting the defendant with the cards which formed the subject of the charge.

It was, also, held to be incompetent to test the knowledge of an expert in handwriting, by placing before him irrelevant papers, for the mere purpose of contradicting his testimony as to the handwriting thereof.

It was, also, held to be competent for the jury to compare the handwriting of documents properly in evidence, and proved to have been written by the defendant, with the handwriting of the cards in dispute, for the purpose of ascertaining the origin of the cards.

It was, also, held, that, standard specimens of the defendant's handwriting being in evidence, an expert might point out to the jury features in the writing of such specimens, identical with those displayed by the cards in question.

There were cited, as authorities, Brookes v. Tichborne, 2 Eng. Law & Eq. Rep. 374;

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Doe v. Newton, 5 Adol. & E. 514; Rogers v. Ritter, 12 Wall. [79 U S.] 317; Van Wyck v. McIntosh, 14 N. Y. 439; Griffits v. Ivery, 11 Adol. & E. 322.